IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE BURKE,

    Plaintiff,

  v.                                        No. CIV 10-0858 WJ/WPL

MORGAN KLUG,
STACE BIEL JUDGE,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Klug, Plaintiff's Public Defender in state criminal proceedings, failed to provide him effective assistance in preliminary proceedings. As a result, Plaintiff was "bonded over to district" without explanation of the charges. He also alleges that his detention center has no law library. Except for a reference to the First Amendment in the complaint's caption, Plaintiff does not identify the constitutional provisions allegedly violated by Defendants. For relief, the complaint seeks damages.

No relief is available on Plaintiff's § 1983 claims against Defendant Klug. "To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *and see Mehdipour v. Matthews*, No. 10-6073, 2010 WL 2748802, at *3 n.3 (10th Cir. July 13, 2010). Case law is clear that, absent a conspiracy, a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's claims against Defendant Klug.

Plaintiff makes no allegations against Defendant (Judge) Biel. Furthermore, "[i]t is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Plaintiff's claim for damages against Defendant Biel will therefore be dismissed as

frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Last, Plaintiff's allegation that the detention center has no law library fails to state a claim for relief under § 1983. Even assuming the truth of this allegation for purposes of this opinion, Plaintiff's § 1983 action may not be based on a claim of an "abstract, free-standing right to a law library," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), and thus Plaintiff does not allege "relevant actual injury," *id.* at 351, resulting from officials' actively interfering with his attempts to prepare and file legal documents, *see id*. at 350. The complaint will be dismissed with prejudice. *Cf. Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal with prejudice precludes adjudication of state law claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE